IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:07-cr-00366-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIMBERLY SNOWDEN, ROBERT EBERLE, | ) | |
| BARBARA EBERLE, CLIFFORD PALM, | ) | |
| ROBERT KOPPEL, and MARK ERIC | ) | |
| WOLOK, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

         Pending are the following pretrial motions: Defendant Robert Eberle's Motion for Separate Trial, or in the alternative, Motion to Suppress Co-Defendant Robert Koppel's Statement (ECF NO. 186); Defendants' Motion to Recuse the Office of the United States Attorney for the Eastern District of California (ECF No. 187); and Defendants' Motion to Strike Language from the Indictment (ECF No. 194).[1] Each motion is denied for the below reasons.

    **A.   Defendant Robert Eberle's Motion for Separate Trial**

         Defendant Robert Eberle ("Eberle") moves for "a separate trial from co-defendant Robert Koppel, or alternatively to suppress co-

---

[1] Docket Nos. 187 and 194 were filed by Defendant Clifford Palm and were joined by all other defendants.

1

defendant Koppel's statement[,]" arguing "introduction of co-defendant Koppel's statement at a joint trial will violate [his] right to confrontation under the 6th Amendment of the U.S. Constitution and pursuant to Crawford v. Washington, 541 U.S. 36 (2004) and Bruton v. United States, 391 U.S. 123 (1968)." (Mot. 1:17-23, ECF No. 186.) Eberle provides no argument in support of his Crawford claim, stating only in a conculsory manner, "[a]dmission of the statement also violates Crawford v. Washington, 541 U.S. 36 (2004) in that the statement is 'testimonial' in nature." Id. at 5:20-22.

The government rejoins that the motion should be denied since "none of the statements made by Koppel are incriminatory to defendants Robert and Barbara Eberle[,]" however, the government does not specifically address Eberle's Crawford claim in its opposition. (Opp'n 1:23-25, ECF No. 203.)

Notwithstanding the parties' inadequate briefing on the issue of whether admitting Koppel's statement violates Crawford, the Court need not decide the motion on its merits since the government states in its Opposition that "[it] has not decided whether it will use Koppel's statement." (Opp'n at 1:21-23.) Since the merits of Eberle's motion have not been shown to be ripe for decision at this stage in the proceedings, the motion is denied.

**B.   Defendants' Motion to Recuse the Office of the United States Attorney**

Defendants move the Court

> to order that the Office of the United States Attorney in the Eastern District of California is disqualified and removed and prohibited from further prosecution of this case due to the real potential of the appearance of a conflict in the further prosecution of this case, by the fact that an attorney currently and has been working as a Assistant United States Attorney in the United

2

|   |   |
|---|---|
| 1 2 3 4 | States Attorneys Office for the Eastern District of California, was during the time frame stated in the Indictment, the year 2001 to the present, August 22, 2007, the date the Indictment was filed, working for, giving legal advice to and otherwise acting as the attorney for defendants in this case. |

(Mot. 2:1-9, ECF No. 187.)

The government opposes the motion, arguing "the Assistant United States Attorney [("AUSA")] in question has not been involved in any way in the prosecution of this case[,] and the defendants have failed to show any actual prejudice arising from the USAO EDCA's prosecution[.]" (Opp'n 1:21-24, ECF No. 202.) The government includes in its opposition a declaration from the subject "line-level AUSA" in which she explains that she represented Donald Neuhaus when she was previously an associate at two law firms in Sacramento. (Decl. of Jean M. Hobler ¶¶ 2-7, ECF No. 202-1.) The government also submitted evidence in support of its opposition, which shows that the subject AUSA has been walled off from involvement in the investigation and prosecution of this case. See id. at ¶¶ 8-17; Decl. of S. Robert Tice-Raskin, ECF No. 202-2.

Since Defendants have not shown that recusal of the entire Office of the United States Attorney in the Eastern District of California is required, the motion is denied.

### C. Defendants' Motion to Strike

Defendants move to strike lines 6-9 on page 11 of the Indictment under Federal Rule of Criminal Procedure 7(d), arguing the language is "surplusage and inflammatory to [Defendants]." (Mot. 2:1-3, ECF No. 194.)

It is unlikely that the Indictment will be read to the jury, since the undersigned judge typically does not read indictments to juries. Therefore, Defendants have not shown that what they seek to have

stricken presents a controversy that is ripe for decision at this stage of the proceedings. For the stated reasons, the motion is denied.

Therefore, the June 1, 2012 date on which the motions was scheduled for hearing is vacated.

Dated: May 30, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge